IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LAWRENCE MOHAMMED SAFA, ) | Civil Action No.: 4:05-cv-3377-RBH |
| ) | Criminal No.: 4:04-cr-824-RBH |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Pending before the court are: 1) Petitioner's [Docket Entry #1] motion to vacate, set aside, or correct an illegal sentence under 28 U.S.C. § 2255; and 2) Respondent's [Docket Entry #7] motion for summary judgment and response to Petitioner's § 2255 motion.

**Factual and Procedural Background**

The Petitioner, Lawrence Mohammed Safa, is currently incarcerated at FCI Bennettsville, South Carolina and is proceeding *pro se*. On September 28, 2004, the Petitioner was indicted in a two count indictment. Count 1 of the indictment alleged that on or about May 18, 2004, the Petitioner, knowingly, intentionally and unlawfully did possess with intent to distribute a quantity of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). Count 2 of the indictment alleged that on or about May 18, 2004, the Petitioner did knowingly use and carry a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). On November 16, 2004, Petitioner pled guilty to Count 2 of the indictment pursuant to a plea agreement. On February 25, 2005, the court sentenced the Petitioner to the minimum statutory penalty of sixty (60) months for the 924(c) violation alleged in Count 2 of the indictment. On March 1, 2005, Judgment was entered against the Petitioner on Count 2 of

the indictment. Count 1 of the indictment was dismissed on the government's motion.

On December 2, 2005, Petitioner filed a § 2255 motion to vacate, set aside, or correct an illegal sentence alleging ineffective assistance of counsel. On January 13, 2006, Respondent filed a motion for summary judgment and response to Petitioner's § 2255 motion. On January 17, 2006, the Petitioner filed a document, which was signed on January 11, 2006, captioned notice of intent mitigation memorandum.[1]

On January 18, 2006, the court issued a Roseboro Order, which was mailed to the Petitioner the same day, informing the Petitioner that a motion for summary judgment had been filed in his case. The Roseboro Order stated that the Petitioner shall have thirty-four (34) days to file any materials he wishes to file in opposition to the Respondent's motion for summary judgment. The Petitioner did not file any materials in opposition to the Respondent's motion for summary judgment.

## **Discussion**

Petitioner's § 2255 motion is based upon the alleged ineffective assistance of counsel of Assistant Federal Public Defender William F. Nettles, IV, Esq. Petitioner alleges that Mr. Nettles coerced him into pleading guilty to an offense for which he was innocent. The Petitioner then alleges that after sentencing Mr. Nettles refused to appeal the sentence despite the Petitioner's request to do so. Petitioner stated in his § 2255 motion that he wished to appeal the issue of whether he could be sentenced for the § 924(c) violation (Count 2 of the

---

[1] In Petitioner's notice of intent mitigation memorandum, Petitioner adopted the argument of "structural error" and requested the court defer any ruling or consideration in the instant case until the U.S. Supreme Court's final decision in *Washington v. Recuenco*, 126 S.Ct. 2546 (2006). The Supreme Court issued its decision in *Recuenco* on June 26, 2006.

2

indictment) without having been found guilty of the predicate drug trafficking offense (Count 1 of the indictment).

With regard to Petitioner's ineffective assistance of counsel claim premised on the allegation that Mr. Nettles coerced Petitioner into pleading guilty, the transcript of the plea hearing conducted on November 16, 2004 is conclusive evidence that the Petitioner was, in fact, not coerced into pleading guilty. At the plea hearing, the court and the Petitioner engaged in the following exchange:

| | |
|---|---|
| The Court: | Now, with regard to freely and voluntarily entering your plea, has anybody forced you to plead guilty? Mr. Safa? |
| Defendant Safa: | No, sir. |
| The Court: | Are you doing so freely and voluntarily? |
| Defendant Safa: | Yes, sir. |
| The Court: | Has anybody threatened you or pressured you to plead guilty? Mr. Safa? |
| Defendant Safa: | No, sir. |

*United States v. Safa*, Criminal No. 4:04-cr-824, Transcript of Plea Hearing, at pg. 17 [Docket Entry #32]. When viewed against the record of the plea hearing, Petitioner's claims of coercion are palpably incredible. There is substantial evidence that Petitioner was not coerced and that his guilty plea was freely and voluntarily given. At the plea hearing, the Petitioner had ample opportunity to state on the record whether he had been coerced into pleading guilty. Therefore, the Petitioner's ineffective assistance of counsel claim is dismissed to the extent that the Petitioner alleges he was coerced into pleading guilty. The Petitioner has failed to submit evidence sufficient to create a genuine dispute of material fact on this issue. As such, summary judgment is due to be granted on this issue.

However, with regard to Petitioner's ineffective assistance of counsel claim based on

the allegation that the Petitioner requested that Mr. Nettles appeal his sentence, there is conflicting sworn testimony as to whether the Petitioner made such a request. Petitioner's § 2255 motion, which was signed under penalty of perjury, alleges that the Petitioner "advised counsel that he wanted to appeal the sentence and counsel refused." Submitted with the Respondent's motion for summary judgment is an affidavit from Mr. Nettles. Mr. Nettles's affidavit states that while he has no independent recollection of advising the Petitioner of his right to appeal, he routinely discusses the issue of appeal with his clients.[2] Mr. Nettles's affidavit also states that the Petitioner never advised him that he wanted to appeal. Mr. Nettles noted in his affidavit that on March 2, 2005, he sent Petitioner a copy of the judgment in Petitioner's criminal case and that the cover letter indicated that the Petitioner did not want to appeal.[3] Mr. Nettles also noted that the Petitioner sent him a letter postmarked March 7, 2005, which did not mention anything about filing an appeal. Neither of these letters were made part of the record. The court is left with conflicting sworn evidence reducing the issue to one of credibility.

"Failure to file a requested appeal is per se ineffective assistance of counsel, irrespective of the possibility of success on the merits." *United States v. Phillips*, No. 97-7468, 1998 WL 48561, at *1 (4th Cir. Feb. 9, 1998) (citing *United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995)); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). The court notes that

---

[2] Regardless of whether Mr. Nettles advised the Petitioner of his right to appeal, the court advised the Petitioner of his right to appeal at the sentencing hearing conducted on February 25, 2006. *United States v. Safa*, Criminal No. 4:04-cr-824, Transcript of Sentencing Hearing, at pg. 14 [Docket Entry #31].

[3] Mr. Nettles admitted that this letter was inadvertently sent to Petitioner's home instead of the Florence County Detention Center where the Petitioner was incarcerated.

4

in this case the Petitioner's stated ground for appeal, i.e. that he could not be sentenced on the § 924(c) conviction without first having been found guilty of the underlying drug trafficking offense, is clearly without merit under current Fourth Circuit precedent. *See United States v. Carter*, 300 F.3d 415, 425 (4th Cir. 2002) (holding that "§ 924(c) convictions do not require a conviction on the predicate drug trafficking offense"). However, as noted above in *Phillips* and *Peak*, even though an appeal on the merits would probably be unsuccessful, the court cannot dismiss a § 2255 on that basis.

Unless it is clear from the pleadings, files, and records that the prisoner is not entitled to relief, § 2255 makes an evidentiary hearing mandatory. 28 U.S.C. § 2255. The Fourth Circuit has stated that "when the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive." *United States v. Banks*, No. 97-7878, 1998 WL 808408, at *2 (4th Cir. Nov. 23, 1998) (citing *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970)). In *Banks*, the Fourth Circuit remanded for an evidentiary hearing stating that "because the sworn evidence [as to whether Banks requested that his counsel file a notice of appeal] is conflicting, the district court should have conducted a hearing before denying this aspect of Banks's § 2255 motion." *Banks*, 1998 WL 808408, at *3; *see also United States v. Greer*, No. 05-7401, 2007 WL 542744, at *1 (4th Cir. Feb. 22, 2007) (vacating and remanding for an evidentiary hearing "because the record did not conclusively show that Greer's counsel was not ineffective for not filing a notice of appeal"). "[I]f the parties produce evidence disputing material facts with respect to non-frivolous habeas allegations, a court <u>must</u> hold an evidentiary hearing on a habeas claim." *United States v. White*, 366 F.3d 291, 297 (4th Cir. 2004) (emphasis added). In this case, the parties have submitted conflicting sworn testimony on a

material factual issue involving a non-frivolous habeas allegation. Accordingly, an evidentiary hearing on this issue is required to resolve this dispute. Because there is a genuine issue of material fact as to whether the Petitioner requested an appeal, summary judgment on this issue is denied.

Additionally, because an evidentiary hearing is required to resolve the dispute of whether the Petitioner requested that an appeal be filed, the court must appoint counsel for the Petitioner pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings. *See Phillips*, 1998 WL 48561, at *1 (stating that there is a statutory right to appointed counsel in a § 2255 proceeding if an evidentiary hearing is required).

## Conclusion

For the reasons stated above, Respondent's [Docket Entry #7] motion for summary judgment and response to Petitioner's § 2255 motion is **GRANTED IN PART** and **DENIED IN PART**. Specifically, summary judgment is **GRANTED** as to Petitioner's ineffective assistance of counsel claim based on the allegation that Petitioner was coerced into pleading guilty. Summary judgment is **DENIED** as to Petitioner's ineffective assistance of counsel claim based on the allegation that Petitioner requested that an appeal be filed and Petitioner's counsel refused.

An evidentiary hearing on the issue of whether the Petitioner requested that an appeal be filed will be held within 30 days of the date of this Order so that Petitioner's appointed counsel will have adequate time to prepare. Petitioner is directed to bring to this hearing any and all supporting documentation he has in his possession regarding this issue. The Clerk is directed to appoint counsel for the Petitioner, pursuant to Rule 8(c) of the Rules Governing

Section 2255 Cases, to represent Petitioner during this evidentiary hearing.  The court will defer ruling on Petitioner's [Docket Entry #1] motion to vacate, set aside, or correct an illegal sentence under 28 U.S.C. § 2255 until after the evidentiary hearing.

**IT IS SO ORDERED**.

| | |
|---|---|
| Florence, South Carolina<br>May 11, 2007 | s/ R. Bryan Harwell<br>R. Bryan Harwell<br>United States District Judge |